IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**DIANE NOLTE, on behalf of herself and all other similarly situated individuals,**

**Plaintiffs,**

**v.**

**BELLSOUTH CORPORATION, et al.,**

**Defendants.**

**1:06-cv-762-WSD**

## OPINION AND ORDER

This matter is before the Court on Defendants Motion to Dismiss all claims asserted in Plaintiffs' Complaint.  (Mot. to Dismiss [29].)

## I.    BACKGROUND

This is an action in which Plaintiff Diane Nolte ("Plaintiff") brings claims of breach of fiduciary duty pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) against Defendants on behalf of herself and purported class members.  Plaintiff is a former employee of Defendant BellSouth Telecommunications, Inc. ("BST"), a wholly owned subsidiary of Defendant BellSouth Corporation ("BellSouth").[1]

---

[1]  BellSouth recently was acquired by AT&T.

Plaintiff brings this action on behalf of herself and all other participants in the

BellSouth Short Term Disability Plan ("the STD Plan"), BellSouth Long Term

Disability Plan for Non-Salaried Employees ("the LTD Plan"), and BellSouth

Pension Plan ("the BSP Plan") (collectively "the Plans").[2]  The Plans are employee

benefit plans covered by ERISA, 29 U.S.C. § 1002.  BellSouth is the plan sponsor,

and the costs of funding the Plans are paid by BellSouth or one of its participating

companies.  Plaintiff alleges that BellSouth, as the plan administrator or *de facto*

plan administrator, delegated the day-to-day responsibility for administering the

STD Plan to the BellSouth Employees' Benefit Claim Review Committee ("the

BellSouth Committee")  (Compl., at ¶ 19.)  The BellSouth Committee allegedly

delegated to Kemper National Services, Inc. ("Kemper"), now Broadspire Services,

Inc. ("Broadspire"), the duty to administer all claims for plan benefits for BST and

other BellSouth participating companies.[3]  (Id.)

_____

[2]  Defendants note that the Plans are misnamed in the Complaint.  (Def. MSJ, at 2 n.1.)

[3]  Plaintiff alleges that "[b]eginning September 3, 1996, Kemper . . . a wholly owned subsidiary of Kemper Services Insurance Company, was delegated the fiduciary responsibility for administering the STD Plan, and initial LTD Plan benefit decisions.  On or about July 22, 2003, Kemper Services Insurance Company sold Kemper . . . to Platinum Equity, L.L.C.  In essence, Platinum Equity, L.L.C. purchased . . . Kemper's claims management services . . . then renamed this

Plaintiff alleges that she first became disabled under the STD Plan around April 17, 2003.  BellSouth paid Plaintiff short term disability benefits under the STD Plan from April 17, 2003 through July 16, 2003.  (Compl., at ¶ 67.)  According to Plaintiff, BellSouth then improperly denied Plaintiff benefits effective July 17, 2003. Plaintiff appealed the denial decision according to the terms of the Plan.[4] Defendant Broadspire affirmed the denial of benefits for the period of July 17, 2003 to November 17, 2003, but determined that Plaintiff should receive benefits from November 18, 2003 through January 6, 2004.  Broadspire upheld the denial of benefits from January 7, 2004 and later.  (Id. at ¶ 68.)

Defendants allegedly also denied Plaintiff pension disability benefits because she had not received a full 52 weeks of short term disability, a requirement under the terms of the BSP Plan.  (Compl., at ¶ 71.)  In May 2005, Plaintiff appealed the denial of her pension benefit.  On August 8, 2005, the defendant BellSouth Committee denied Plaintiff's appeal under the BSP Plan.  (Compl., at ¶ 79.)  The

_____

division as Broadspire Services, Inc. . . . Defendant, Broadspire, then assumed the responsibilities that Kemper had formerly performed under the various employee benefit plans for BellSouth and the BellSouth Committee.  Broadspire is also named fiduciary of the BellSouth STD, and LTD Plans."  (Compl., at ¶¶ 30-31.)

[4] The Complaint is unclear as to when Plaintiff appealed the denial of her STD Plan benefits.

reason given for the denial was that Plaintiff had not received all of the 52 weeks of STD benefits and therefore did not qualify for BSP benefits.  (Id.)

On April 3, 2006, Plaintiff filed this action, asserting two Counts for breach of fiduciary duty under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).  Plaintiff named as defendants in this action BellSouth, BST, the STD Plan, the LTD Plan, and the BSP Plan.  Plaintiff also named as defendants Broadspire, Kemper, and the BellSouth Committee and its members.

In her Complaint, Plaintiff alleges that Defendants Kemper and Broadspire, the plan administrators, "failed to apply the correct definition of the term 'disability' found within the STD Plan and instead required a participant to prove disability based on a definition of 'any job' no matter if it was meaningful work, whether the 'job' would provide . . . a reasonable means of earning a living, and without regard to whether the job requires similar skills and functions as a job at another BellSouth Company.  This practice violates the terms of the plan."[5]

_____

[5]  Plaintiff alleges that under the terms of the STD Plan, a participant is eligible for up to 52 weeks of short term disability benefits if the participant is disabled as defined by the plan.  Plaintiff claims the proper definition of "disability" under the STD Plan means "a medical condition which makes a participant unable to perform any type of work as a result of a physical or mental illness or an accidental injury.  'Any type of work' includes the participant's regular job with or

(Compl, at ¶ 60.)  Plaintiff alleges that if she had received her 52 weeks of short

term disability as defined under the terms of the STD Plan, she would have been

eligible for either a LTD benefit or a BSP benefit beginning April 16, 2004.[6] Plaintiff

further asserts that Defendants misled plan participants about the true definition

under the STD Plan.  (Id.)  Plaintiff alleges that "[b]ecause of the Defendants'

systematic and consistent use of the wrong definition of the term 'disability' as

found within the STD Plan, Plaintiff and Class Members claim their benefits were

_____

without accommodations, any other participating company job (regardless of
availability) with or without accommodations, or temporary modified duties."
(Compl., at ¶ 58.)

[6] Plaintiff summarizes the terms of the LTD and BSP Plans as follows:

> The [BSP] Plan provides employees a "welfare benefit"
> by providing a disability pension to plan participants of
> participating BellSouth . . . Companies who become
> disabled according to the definition of "disability" under
> the LTD Plan.  These plan participants must have had at
> least fifteen (15) years of net credit service when their
> short term disability ended.  A participant is eligible for
> the LTD Plan benefits when their [STD] benefits are
> exhausted, and they must not have obtained normal
> retirement age.  Pension disability participants also receive
> retiree health insurance and a partial reimbursement for
> Medicare premiums.

(Compl., at ¶ 28.)

wrongfully denied and/or terminated."  (Id. at ¶ 61.)  Plaintiff claims that

Defendants' improper application of the definition of "disability" prevented Plaintiff

and the Class Members from receiving a "full and fair review" of their claims for

benefits and that Defendants' actions were unreasonable, arbitrary and capricious.

(Compl., at ¶¶ 76-77.)  Plaintiff asserts that because she unsuccessfully appealed

her benefits determination,[7] and Defendants refused to properly interpret the

definition of "disability," it would be futile for class members to have their claims

reconsidered.  (Id. at ¶ 61.)

   Plaintiff claims that Defendants' decisions on claims for disability benefits

and application of the terms of the Plan constitute a breach of ERISA fiduciary

duties.  She also claims that Defendant misinformed and misled plan participants

regarding their use of the wrong definition of the term "disability" under the STD

---

   [7]  In her appeals, Plaintiff argued that the administrators used the term
"disability" incorrectly and were not using the term as defined under the Plan.
Plaintiff argued that the correct term of "disability" means that she cannot do her
regular job at BellSouth, with or without accommodations, a job at any other
participating company regardless of availability, with or without accommodations,
or any other job outside BellSouth, that is comparable in skills and functions.
Plaintiff then requested that Defendants use the correct definition for her claim and
others.  (Compl., at ¶ 69.)

Plan in order to deny or terminate participants' disability benefits.  (Compl., at ¶ 95.)

Plaintiff asserts two counts against Defendants seeking identical equitable relief pursuant to 29 U.S.C. § 1132(a)(3).  Specifically, in Count I, Plaintiff seeks relief for alleged breaches of fiduciary duties.  In Count II, Plaintiff seeks relief for Defendants' alleged misleading of participants as to the true definition of "disability" under the STD Plan.  In both Counts, Plaintiff asks the Court to order the removal and replacement of the alleged breaching fiduciaries and to further enjoin the violation of the fiduciary duties owed to Plaintiff.  Plaintiff asks the Court to appoint an "independent neutral body to substitute for those removed fiduciary Defendants" which would reopen "each short term disability claim" and determine whether the claim warranted an award of disability benefits.  (Compl., at 32-35, 37-40.)  Plaintiff also seeks an order establishing an administrative committee to audit and review Defendants' compliance with any equitable relief granted and requiring each fiduciary to disgorge all profits realized as a result of the violations.  (Id.)

On May 30, 2006, Defendants filed this Motion to Dismiss.  (Mot. to Dismiss [29].)  Defendants argue that Plaintiff's fiduciary duty claims under

§ 1132(a)(3) seek remedies available through another specific provision of ERISA, a claim for benefits under § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).  Because of the availability of this statutory remedy, Defendants argue a claim under § 1132(a)(3) is inappropriate, and Plaintiff's claims fail as a matter of law.  (Def. MSJ, at 6.)  Plaintiff responds that her Complaint does not assert a claim for benefits under § 1132(a)(1)(B).  She argues that she does not have an adequate remedy under the terms of the plan because there is no remedy to reopen her claims file and have a re-determination by a "new" plan administrator and plan fiduciaries who will correctly apply the Plan terms.  (Pl. Resp. to Def. MSJ [32], at 4.)

    A.    <u>Standard on Motion to Dismiss</u>

The law in this Circuit governing motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is well settled.  Dismissal of a complaint is appropriate only when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.  <u>Marshall County Bd. of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993). "Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist."  <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 289 F.3d 1268, 1270 (11th Cir.), *rev'd on other*

*grounds*, 314 F.3d 541 (11th Cir. 2002) (en banc).  "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."  Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citations omitted).

      B.     Plaintiff's ERISA Claims

      Plaintiff brings claims for breach of fiduciary duty under ERISA, 29 U.S.C. § 1132(a)(3).  Section 1104 of ERISA requires fiduciaries to discharge their duties "solely in the interest of the participants and beneficiaries."  29 U.S.C. § 1104(a). "While Congress did not provide a remedy for breaches of [Section 1104] fiduciary obligations in the specific remedial provisions found in [Sections 1132(a)(1) and (a)(2)], the Supreme Court in [Varity Corp v. Howe] recognized a cause of action under ERISA's 'catchall' provision in [Section 1132(a)(3)], which authorizes plan participants and beneficiaries to maintain an action to obtain 'appropriate equitable relief' to redress violations of ERISA or the terms of an ERISA-governed plan."  Jones v. Am. Gen. Life & Acc. Ins. Co., 370 F.3d 1065,

1071 (11th Cir. 2004) (citing <u>Varity Corp v. Howe</u>, 516 U.S. 489, 512 (1996)).  The

Supreme Court in <u>Varity</u> cautioned that because Section 1132(a)(3) provides only

"appropriate" equitable relief, "where Congress elsewhere provided adequate relief

for a beneficiary's injury, there will likely be no need for further equitable relief, in

which case such relief normally would not be 'appropriate.'"  <u>Varity</u>, 516 U.S. at

515.

     The Eleventh Circuit applied this limitation in <u>Katz v. Comprehensive</u>

<u>Plan of Group Insurance</u>, 197 F.3d 1084 (11th Cir. 1999).  In <u>Katz</u>, the plaintiff

brought claims against the plan administrator and the insurer for wrongful denial of

benefits under Section 1132(a)(1)(B) and breach of fiduciary duty under Section

1132(a)(3).  197 F.3d at 1088.  The district court dismissed the plaintiff's claim for

breach of fiduciary duty, reasoning that an ERISA plaintiff with an adequate

remedy under Section 1132(a)(1)(B) cannot alternatively plead and proceed under

Section 1132(a)(3).  <u>Id.</u>  The Eleventh Circuit, interpreting the <u>Varity</u> decision,

affirmed the district court's decision.  <u>Id.</u> at 1088-89.  It held that because the

plaintiff possessed an adequate remedy for the alleged wrongful conduct under

Section 1132(a)(1)(B), she could not proceed under Section 1132(a)(3).  <u>Id.</u> at

1089.  That the plaintiff's Section 1132(a)(1)(B) claim later was dismissed on

summary judgment was inconsequential, because "the availability of an adequate remedy under the law for <u>Varity</u> purposes, does not mean, nor does it guarantee, an adjudication in one's favor." <u>Id.</u>

The Eleventh Circuit expanded upon <u>Katz</u> in <u>Jones v. American General Life & Accident Insurance Co.</u>, 370 F.3d 1065 (11th Cir. 2004).  In <u>Jones</u>, the plaintiffs asserted both a claim for wrongful denial of benefits under Section 1132(a)(1)(B) and a claim for breach of fiduciary duty under Section 1132(a)(3).  370 F.3d at 1067-68.  The district court dismissed the plaintiffs' breach of fiduciary claim under Section 1132(a)(3), citing <u>Katz</u> and reasoning "if the remedy for [the plaintiff's] injuries is an award of benefits under [§ 1132 (a)(1)(b)], they cannot also bring claims under [§ 1132 (a)(3)].  This is true even if Defendant breached its fiduciary duty." <u>Id.</u> at 1073. On appeal, the Eleventh Circuit reversed, holding that the district court improperly applied <u>Katz</u> and did not focus on whether another provision in ERISA actually provided a remedy for the plaintiffs' alleged injury.  <u>Id.</u> The court explained that, in applying <u>Katz</u>, a district court's inquiry should be whether the allegations on which a plaintiff's Section 1132(a)(3) claim are based would also support a cause of action under Section 1132(a)(1)(B) or one of ERISA's other remedial provisions:

> [T]he relevant concern in <u>Varity</u>, in considering whether
> the plaintiffs had stated a claim under [Section
> 1132(a)(3)], was whether the plaintiffs also had a cause of
> action, based on the same allegations, under [Section
> 1132(a)(1)(B)] or ERISA's other more specific remedial
> provisions. . . .  The relief that the plaintiffs sought in
> their complaint was not relevant to this inquiry. . . .  Thus,
> for purposes of establishing whether the [plaintiffs] had
> stated a claim under [Section 1132(a)(3)], the district
> court should have considered whether the allegations
> supporting the [Section 1132(a)(3)] claim were also
> sufficient to state a cause of action under [Section
> 1132(a)(1)(B)], regardless of the relief sought, and
> irrespective of the [plaintiffs'] allegations supporting their
> other claims.

<u>Id.</u> at 1073-74.  Citing <u>Varity</u>, the Court concluded that "[b]ecause the [plaintiffs]

concede for purposes of this claim that they are not entitled to the group life benefit

under the terms of their plan, [they] must rely on [§ 1132(a)(3)] or they have no

remedy at all."  <u>Id.</u> at 1074; <u>see also</u> <u>Ogden v. Blue Bell Creameries U.S.A., Inc.</u>,

348 F.3d 1284, 1288 (11th Cir. 2003) (finding that plaintiffs could not assert a claim

under § 1132(a)(3) because at the time plaintiffs' cause of action arose, §

1132(a)(1)(B) provided them with an adequate remedy, even though plaintiffs'

claim under § 1132(a)(1)(B) was barred by res judicata).  That is, the proper

question is not whether a plaintiff could be awarded benefits under § 1132 (a)(1)(B)

for a violation of § 1132 (a)(3), but rather whether the facts alleged under § 1132

(a)(3) also support a claim under § 1132 (a)(1)(B).  Because the Jones plaintiffs had

conceded that they were not entitled to benefits under ERISA, the ERISA statute

did not provide them with a remedy other than the one available under § 1132(a)(3).

The Court, therefore, begins by applying the guidelines established by the

Eleventh Circuit in Katz and Jones.  Here, Plaintiff's allegations in support of her

claim for breach of fiduciary duty under § 1132(a)(3) are also sufficient to state a

cause of action under another of ERISA's remedial provisions–§ 1132(a)(1)(B).  In

her Complaint, Plaintiff alleges that she did not receive 52 weeks of short term

disability benefits to which she was entitled under the STD Plan.  She asserts that if

she had received these STD benefits, she would have been eligible for LTD or BSP

benefits.  Plaintiff's Complaint alleges that Defendants "failed to apply the correct

definition of the term 'disability' found within the STD Plan."  Plaintiff claims that

due to this misapplication of the term "disability," her "benefits were wrongfully

denied and/or terminated" and that she did not receive a "full and fair review" of her

claim for benefits.  (Compl., at ¶¶ 60-61.)  These allegations are sufficient to state a

cause of action for wrongful denial of benefits under Section 1132(a)(1)(B).  The

Eleventh Circuit has held that "a breach of fiduciary claim [cannot] constitute

appropriate equitable relief within the meaning of [§ 1132(a)(3)] for an injury that

could be adequately remedied by a cause of action under [§ 1132(a)(1)(B)]."

Jones, 370 F.3d at 1073.  Plaintiff's appropriate remedy under ERISA is a claim for

benefits under § 1132(a)(1)(B)–not a claim under the catchall provision of §

1132(a)(3).

Plaintiff asserts three arguments in opposition to Defendants' motion to

dismiss.  First, Plaintiff attempts to distinguish Varity, Katz and Jones.  She argues

that while those cases address the second of the two subsections of equitable relief

available under § 1132(a)(3), Plaintiff seeks remedies only under the first subsection

of equitable relief, under § 1132(a)(3)(A).[8]  (Pl. Resp. to Def. MSJ, at 6.)  Plaintiff

also argues that, unlike the cases cited by Defendants, she is not pleading a claim

under § 1132(a)(1)(B) in the alternative to a § 1132(a)(3) claim, instead, she asserts

only claims under § 1132(a)(3).  (Id. at 7.)  Plaintiff's distinction is without a

difference.

---

[8]  Sec. 1132(a) states that "A civil action may be brought -
   (3)      by a participant, beneficiary or fiduciary
   A.        to enjoin any act or practice which violates a provision of this
             title or the terms of the plan, or
   B.        to obtain other appropriate relief (I) to redress such violations or
             (ii) to enforce any provisions of this title or the terms of the plan

As the <u>Jones</u> Court explained:  "[T]he relevant concern in <u>Varity</u>, in considering whether the plaintiffs had stated a claim under Section 502(a)(3), was whether the plaintiffs also had a cause of action, based on the same allegations, under Section 502(a)(1)(B) . . ."  <u>Jones</u>, 370 F.3d at 1073.  The Court must make this inquiry "*regardless of the relief sought*, and irrespective of the [Plaintiff's] allegations supporting other claims."  <u>Id.</u> at 1073-74 (emphasis added).  That Plaintiff chose to assert a claim under § 1132(a)(3) rather than pleading it in the alternative to § 1132(a)(1)(B) does not change the requirements under <u>Katz</u> and <u>Jones</u>.[9]  If Plaintiff's allegations support a claim for relief under § 1132(a)(1)(B), which they do in this case, then a claim for breach of fiduciary duty under § 1132(a)(3) is not an appropriate means of relief.

Plaintiff next argues, citing <u>Varity</u>, that it would be futile for Plaintiff to litigate her benefits determination because "Defendants have already denied the Plaintiff benefits based upon the Defendant's use of the incorrect definition of the term 'disability.'" (Pl. Resp. to Def. MSJ, at 8.)  Plaintiff argues that <u>Varity</u> recognized

---

[9] Plaintiff does not cite to any case authority to support her argument that the Eleventh Circuit differentiates between claims brought under § 1132(a)(3)(A) and  § 1132(a)(3)(B).

the futility of requiring plaintiffs to proceed under § 1132(a)(1)(B) "where it is clear from the outset that they would not qualify for those benefits." (Id.) Plaintiff also argues that Varity does not completely preclude simultaneous claims under subsections 1132(a)(1)(B) and 1132(a)(3). (Pl. Resp. to Def. MSJ, at 8-9.) These arguments are also unconvincing.

First, the circumstances in Varity do not apply to Plaintiff's case. In Varity, the Supreme Court held that "[t]he plaintiffs . . . could not proceed under the *first* subsection because they were no longer members of the [Plan] and, therefore, had no benefits due them under the terms of the plan. . . . They must rely on the *third* subsection or they have no remedy at all." Varity, 516 U.S. at 515. That is not the case here. Plaintiff alleges that she is a "plan participant" in various employee benefit plans as defined under ERISA. (Compl., at ¶ 11.) As discussed above, Plaintiff's allegations state a cause of action for benefits, under the terms of the plan, pursuant to § 1132(a)(1)(B). Unlike the plaintiff in Varity, Plaintiff does not allege that she is no longer a Plan member or that she is otherwise not entitled to benefits under the Plan. Plaintiff does not offer the Court any reason why § 1132 (a)(1)(B) does not provide her an adequate remedy.

Second, Varity does not hold that Plaintiff is entitled under ERISA to choose the relief she prefers.  Plaintiff argues that an award of benefits under § 1132 (a)(1)(B) does not enable the full relief she seeks–an injunction and the removal of the offending fiduciaries.  ERISA, however, does not allow Plaintiff to opt out of the remedies that may be available under § 1132 (a)(1)(B) in favor of relief under § 1132 (a)(3), simply because she believes relief under the latter section is the superior or more complete remedy.  Plaintiff does not seriously argue that § 1132 (a)(1)(B) does not provide a remedy, and she does not cite to any binding authority which holds a plaintiff can assert a claim under  § 1132 (a)(3) when she clearly alleges a claim for benefits under § 1132 (a)(1)(B).[10]  Plaintiff's alleged

---

[10]   Plaintiff cites a magistrate judge's decision in Carroll v. Bellsouth, No. 02-cv-TMP-1086-NW, Slip. Op. at 28 (N.D. Ala. Aug. 28, 2003), in support of her argument that Defendants used an incorrect interpretation of the plan language and that her claim for breach of fiduciary duty is the only way to address Defendants' alleged misconduct.  (Pl. Resp. to Def. MSJ, at 12.)  Plaintiff argues that in Carroll, the issue presented was identical to the issue before this Court, namely the Defendants' use of the wrong definition of the term "disability" in the administration of the Bellsouth STD Plan.  The judge in Carroll ruled that Defendants' interpretation of the definition of "disability" was wrong.  Plaintiff asserts that it is clear that Defendants' interpretation of the term is incorrect, and that despite the Carroll court's ruling, Defendants will continue to use the incorrect definition of "disability."  (Id. at 13.)  Plaintiff argues, therefore, that her fiduciary duty claim under § 1132(a)(3) is the only way to protect the interests of all employees participating in the plan and establish a uniform decision as to the

injury, despite how she characterizes it, is one for disability benefits under § 1132

(a)(1)(B).

   Plaintiff may assert her claims under § 1132(a)(1)(B), and because a cause of

action exists under this section, under Katz and Jones, she cannot assert a claim

under Section 1132(a)(3).  This conclusion is consistent with this Court's decision

in Brucks v. The Coca-Cola Company and the opinions of other district courts

which have considered the issue.  See Brucks v. The Coca-Cola Co., No. 1:03-cv-

2492-WSD, slip op. at 6-11 (N.D. Ga. Sept. 28, 2005); Tookes v. Metro. Life Ins.

Co., No. 1:04-cv-1957-RWS, slip op. at 4-7 (N.D. Ga. Jan. 27, 2005) (Story, J.);

Cheal v. Life Ins. Co. of N. Am., 330 F. Supp.2d 1347, 1355-56 (N.D. Ga. 2004

(Story, J.); Herrera v. Beaulieu Group, LLC Med. Plan, No. 4:04-CV-102-HLM,

slip op. at 10-14 (N.D. Ga. Aug. 16, 2004) (Murphy, J.); Byars v. The Coca-Cola

---

correct term under the Plan.  This argument fails for several reasons.  First, the
Carroll case was brought and decided under § 1132(a)(1)(B)–not § 1132(a)(3).
Second, Plaintiff has offered no authority that a benefits determination allegedly
contrary to a district court's opinion in a separate case amounts to a breach of
fiduciary duty that can only be remedied by a claim under § 1132(a)(3).  Regardless
of the decision in Carroll, the relevant inquiry here is whether Plaintiff also had a
cause of action, based on the same allegations, under Section 502(a)(1)(B)
"*regardless of the relief sought*, and irrespective of Plaintiff's allegations
supporting other claims."  Jones, 370 F.3d at 1073.

Co., No 1:-1-cv-3124-TWT, 2004 WL 1595399, at *7 (N.D. Ga. Mar. 18, 2004)

(Thrash, J.); Hembree v. Provident Life & Accident Ins. Co., 127 F. Supp.2d

1265, 1273-74 (N.D. Ga. 2000) (Evans, C.J.).  Defendants' motion to dismiss

Plaintiff's claims is required to be granted.[11]

**III.   CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss all claims

in Plaintiff's Complaint is **GRANTED**.

**SO ORDERED** this 11th day of January, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

_____

[11]  Plaintiff makes an offhand remark, in the conclusion of her Response to Defendants' Motion to Dismiss, that she would like to amend her Complaint if the Court dismisses her claims.  She does not indicate the amendment she is considering.  The Court has dismissed all of Plaintiff's claims, and there is no remaining Complaint for Plaintiff to amend.  If Plaintiff wants to assert other claims, she may do so in a new action.